UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Shirley J. LaBlanche, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Case No. 4:12-cv-02495 |
| | § | |
| Dr. Zulfiqar Ahmad, MD, | § | |
| Doctors & Surgeons National Risk | § | |
| Retention Group | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Before the Court are Defendants' Motions to Dismiss (Doc. No. 19 and 20.)

Defendants' Motions are **GRANTED.**

On August 16, 2012, Shirley LaBlanche ("LaBlanche" or "Plaintiff") filed a

petition alleging medical malpractice, medical fraud, and fraud of death certificate.

LaBlanche alleges that Dr. Zufiqar Ahmad ("Ahmad") committed fraud by listing

"Possible Atherosclerotic Heart Disease" as a cause of death on the death certificate for

Plaintiff's son.  Plaintiff had previously filed an almost identical suit, *LaBlanche v.*

*Ahmad*, 4:11-cv-04504, in this Court. That case was terminated on May 11th, 2012 after

Defendant Ahmad's Motion to Dismiss was granted. Plaintiff has added Defendants

Doctors & Surgeons National Risk Retention Group, ("D&S"), and the State of Arizona

as parties to the case, but otherwise has brought essentially the same action as that which

was terminated in May.

In this case, all three Defendants filed a Motion to Dismiss. After Plaintiff failed

to respond to the State of Arizona's Motion to Dismiss (Doc. No. 7), and did not appear

for the hearing set on the matter, this Court granted Arizona's Motion and terminated the

State of Arizona from this case. Ahmad and D&S (collectively the "Defendants") remain

as Defendants, and their Motions to Dismiss are pending. Plaintiff's responses to both

Motions were due on November 5, 2012. As Plaintiff has not responded to either Motion,

this Court reviewed both Motions, and finds that they must be granted.

## II. LEGAL STANDARD

Both Defendants move the Court to dismiss Plaintiff's claims under Federal Rule

of Civil Procedure 12(b)(2), for lack of personal jurisdiction, Rule 12(b)(3), for improper

venue, and 12(b)(6), for failure to state a claim for which relief may be granted.

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for "lack of personal

jurisdiction." Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal

jurisdiction, the party seeking to invoke the power of the court bears the burden of

proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by

a preponderance of the evidence; a prima facie showing suffices. This court must resolve

all undisputed facts submitted by the plaintiff, as well as all facts contested in the

affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465,

469 (5th Cir.2006) (internal citations omitted).

A federal district court sitting in diversity may exercise personal jurisdiction only

to the extent permitted in state court under applicable state law. *Cycles, Ltd. v. W.J.*

*Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989); *Rittenhouse v. Mabry,* 832 F.2d 1380,

1382 (5th Cir.1987). Texas' long-arm statute affords Texas courts jurisdiction to the full

extent permitted by the United States Constitution. *Televentures, Inc. v. Int'l Game Tech.,*

12 S.W.3d 900, 907 (Tex. App. 2000). "Thus, the only limitations on Texas courts in

asserting personal jurisdiction over a nonresident defendant are those imposed by the due

process clause of the Fourteenth Amendment." *Id.* (citing *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 413-14 (1984)).

On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007).

Venue in this case is based upon the general federal venue statute, 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions  giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants also bring the Motion to Dismiss under Rule 12(b)(6), which provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. ANALYSIS

### A. Ahmad's Motion to Dismiss

The Court grants Ahmad's Motion to Dismiss because Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Ahmad, and that Texas is the proper venue for this suit.

In order to exercise jurisdiction over Ahmad, Ahmad must have minimum contacts with the state of Texas. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The "minimum contacts" prong of the personal jurisdiction test has been further refined to include two types of personal jurisdiction: specific and general. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Specific jurisdiction is established when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. See *Helicopteros Nacionales*, 466 U.S. at 414; *Bearry v. Beech Aircraft Corp*., 818 F.2d 370, 374 (5th Cir.1987). Even where specific jurisdiction is lacking, however, a court may nevertheless exercise "general jurisdiction" based on a defendant's contacts with the forum unrelated to the controversy. *Helicopteros Nacionales*, 104 S.Ct. at 1872.

Plaintiff's cause of action arose in Tempe, Arizona. Defendant Ahmad states he has no contacts with Texas. (Doc. No. 19-2.) Ahmad is a resident of Arizona and works there as well. *Id.* At no time has Dr. Ahmad lived, studied, or practiced medicine in Texas. *Id.* Dr. Ahmad does not advertise his practice in Texas, nor have meaningful ties with Texas. *Id.* Dr. Ahmad has never treated any patients in Texas. *Id.*  Plaintiff does not rebut Ahmad's contentions. The Court finds that, without the minimum contacts required by the due process clause of the Fourteenth Amendment, this Court does not have personal jurisdiction over Ahmad.

Additionally, venue is not proper. Because jurisdiction is founded solely on diversity of citizenship, this suit may only be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). As applied to this case, venue is improper. The facts show that Ahmad resides in Arizona and the events occurred in Arizona. As the Court does not have jurisdiction over Ahmad, a dismissal rather than a transfer of venue is appropriate. Additionally, because of Ahmad's jurisdictional argument, the Court finds it does not need to analyze the merits of Ahmad's 12(b)(6) claim, and grants Ahmad's Motion.

**B. D&S's Motion to Dismiss**

D&S is Ahmad's insurance company. D&S alleges that venue is not proper in Texas since the judicial district in which a substantial part of the alleged events or omissions giving rise to the claim occurred would be Arizona. Additionally, D&S is incorporated in Kentucky with its principal place of business in Georgia. Again, the Court does not find a basis to exercise personal jurisdiction over D&S, nor does Plaintiff provide such a basis in her Complaint.

Even if D&S were subject to personal jurisdiction in Texas, there is no legal basis for LaBlanche to maintain her lawsuit directly against D&S. Under Texas law, a tort plaintiff generally has no standing to join a tortfeasor's liability insurer directly in the tort action. *Penny v. Powell*, 347 S.W.2d 601, 603 (Tex. 1961); *Wells v. Am. Employers' Ins. Co.*, 132 F.2d 316, 317 (5th Cir. 1942). Because Texas is not a direct action state, a tort claimant has no direct cause of action against the tortfeasor's liability insurer until the insured-tortfeasor is adjudged to be liable. *Grasso v. Cannon Ball Motor Freight Lines*, 81 S.W.2d 482, 486 (Tex. 1935); *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App. 2002); *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994).

Finally, the Court notes both Defendants' request to admonish LaBlanche that future filings are sanctionable. This is the second time Plaintiff has filed essentially the

same case in this forum. The Court now alerts Plaintiff to the possibility that she would

be declared a vexatious litigant if she files the same action in this Court in the future.

Declaring a plaintiff a vexatious litigant in order to prevent future filing is appropriate

where that plaintiff consistently abuses the court system and harasses their opponents.

Fed. R. Civ. P. 11(c), *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359-360 (5th Cir.

1986). Because Plaintiff is pro se and may lack legal experience and expertise, this Court

believes that a warning is warranted. LaBlanche is hereby on notice that frivolous claims

filed with the Southern District of Texas in the future are likely to lead to a designation of

Plaintiff as a vexatious litigant.

Because a ruling on personal jurisdiction does not address the merits of a

plaintiff's allegations, claims dismissed for lack of personal jurisdiction should be

dismissed without prejudice for filing in an appropriate forum. Thus, both Defendants are

dismissed without prejudice.

**IT IS SO ORDERED.**

**SIGNED** this the 19th day of November, 2012.

_____

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**
**SOUTHERN DISTRICT OF TEXAS**